344

BY THE COURT:

It is not now believed that it would be profitable or necessary to enter into a detailed discussion of the facts, which are somewhat involved as disclosed by the amended petition, which consists of many pages. It is sufficient now to say that it was desired to restrain what may be termed the reorganization of this corporation in 1923, which reorganization would substantially change the character of the holdings of the various stockholders, consisting of many shares of preferred stock, to bear a certain rate of interest and a certain amount of no par stock, and this reorganization was brought about, Kaifer and his co-plaintiffs objecting to the same, and complaining that they were not notified of certain meetings that were held, and complaining also that by the reorganization they were deprived of the sum of $17.50 per share, which had accumulated as dividends upon each share of stock. A reorganization was had under favor of **Article 13, Section 2, of the Constitution of the State of Ohio**, which provides how corporations shall be formed:

"Corporations, how formed. Corporations may be formed under general laws; but all such laws may, from time to time, be altered and repealed."

Subsequent legislation consisting of **Sections 8728-1 to 8728-11 of the General Code** was enacted, and it is under favor of these sections that this reorganization was had or attempted to be had.

It is sufficient in this connection to say that after having carefully considered the issues raised, the conclusion is that the plaintiff and his co-plaintiffs owned their holdings in this corporation subject to the above constitutional provision and therefore subject to the legislation incident thereto, above Sections 8728-1 to 8728-11. Having reached that conclusion, it is again sufficient to say that the conclusion reached by the Referee is correct; that the corporation had a right to reorganize as it did, and that the stockholders objecting hold their interests subject to the constitutional provision, and the consequent right of the legislature to enact the above legislation, authorizing the reorganization of the corporation.

For the reasons given, a judgment will be entered in harmony with the finding in the report of the Referee and an entry may be prepared accordingly. If it is desired when the opinion is revised, the issues may be discussed at greater length, but it does not now seem necessary in view of the fact that all counsel on both sides are fully advised as to the facts, and the foregoing covers the controlling issue.

Pollock, Roberts and Farr, JJ. concur.

## WICKENS v CARPENTER

Ohio Appeals, 4th Dist, Washington Co
Decided March 12, 1930

H. S. Dyar, Marietta, for Wickens.
C. T. O'Neill, Marietta and E. F. Folger Marietta, for Carpenter.

We find no prejudicial error in the record and the judgment is affirmed.

MIDDLETON, P. J., and MAUCK, J., Concur.

ALFRED E. BARNES v HELEN L. BARNES

Ohio Appeals, 7th Dist, Mahoning Co
Decided Nov 8, 1919

L. L. George, Youngstown, for Alfred Barnes.

Max Brunswick, Youngstown, for Helen Barnes.

SHERICK, J. (5th Dist) sitting in place of Roberts, J.

FARR, J.

As a ground for reversal it is insisted that the allowance of alimony is excessive and that the plaintiff in error is unable to discharge his obligation in the pyament thereof. It will be recalled that these parties were married and lived together for a period of about ten years. Five children were born as a result of that marriage, all of whom were living at the time the cause was heard. It was charged upon the part of the plaintiff below that a pretended friend, by the name of Semple, became a frequent visitor